*In re* APPLICATION OF THE COUNTY TREASURER AND *EX OFFICIO* COUNTY COLLECTOR OF COOK COUNTY FOR JUDGMENT AND ORDER OF SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR THE NONPAYMENT OF GENERAL TAXES FOR 1979-1985 (Edward J. Rosewell, Applicant-Appellant, v. Phoenix Bond & Indemnity Company, Petitioner-Appellee).

First District (6th Division) Nos. 1—88—1338, 1—88—1555, 1—88—1565, 1—88—1736 cons.

Opinion filed July 14, 1989.

Cecil A. Partee, State's Attorney, of Chicago (Joan S. Cherry, Mark R. Davis, and Kevin P. Burke, Assistant State's Attorneys, of counsel), for appellant.

Stanford D. Marks, of Chicago, for appellee.

JUSTICE QUINLAN delivered the opinion of the court:

The appellant, Edward J. Rosewell (Rosewell), county treasurer and *ex officio* county collector, appeals an order of the circuit court of

Cook County requiring him to refund the costs paid and posted by appellees, various tax buyers, in a tax judgment, sale, redemption and forfeiture proceeding in connection with certain sales that were made in error. Rosewell contends that he is not required to refund those costs that appellees paid to third parties.

This is a consolidated appeal of four separate cases. In each of those cases, the appellees petitioned for a declaration that certain tax sales of property were sales in error under section 260 of the Illinois Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 741). The appellees also asked for a refund of the principal amount of the sale, any real estate taxes that they had paid, and any costs incurred in connection with the sale, along with 1½% interest a month.

Specifically, appellee Phoenix Bond & Indemnity Company (Phoenix) asked that the sale of certain property be declared a sale in error by the trial court and that the court refund the purchase price of $100,045 for taxes from 1979-85, along with $7,396.48 paid for 1986 general taxes on the property. Phoenix also asked for a refund of $84 paid for the necessary filing with the clerk of the circuit court, a $23.35 mailing fee paid to the clerk of the circuit court, and $145.40 paid to the sheriff of Cook County. Finally, Phoenix asked for interest at 1½% per month on the amount it had paid.

Appellee Park Place Investments (Park Place) also asked the trial court to declare another sale of property to be in error and that the court order a refund of the $1,479.25 purchase price. Park Place further requested the court to order a refund of $4 for filing notice pursuant to section 241a of the Illinois Revenue Act, $84 paid for filing with the clerk of the circuit court, $82 paid to the sheriff of Cook County, a $14.01 mailing fee paid to the clerk of the circuit court, and $99 paid for advertising in the newspaper. Additionally, Park Place also asked that the court order interest at 1½% per month.

Appellee Q.T.S. Corporation (Q.T.S.), a tax buyer in two other cases, filed petitions for a declaration of sale in error in those cases. In each petition, Q.T.S. asked for a refund of the purchase price it had paid, the subsequent taxes it had paid, along with the fees paid and posted to the judgment record, including filing fees, sheriff's fees for service of notice, and county clerk's fees for mailing the notice. Finally, Q.T.S. asked that the court order 1½% interest per month as provided by law.

Rosewell's only objection in the trial court to the foregoing petitions for declaration of sale in error was that the legislature never intended for him to refund costs incurred by appellees which were paid to third parties and not to the county collector. Rosewell claimed that

he should not have to refund money which was never paid to him and which he never received.

The trial court ruled that Rosewell was required to refund all costs incurred in connection with the sales in error, including those costs paid to third parties. The court said "it could have been within the General Assembly's intent to make persons who purchase tax delinquent properties whole inasmuch as these are sales in error." Rosewell filed a motion for reconsideration, but the trial court denied the motion. This appeal followed the denial.

On appeal, Rosewell first contends that he is not required, under the Illinois Revenue Act (Revenue Act), to refund money that he did not receive. Rosewell argues that the word "refund" should be given its ordinary meaning because it is not defined in the Revenue Act, and its ordinary meaning is "to return or give back; to return (money); to make repayment." Thus, according to Rosewell, the legislature would have directed him to "pay" all other costs, rather than to "refund" costs as currently set forth in the statute, if it had intended for him to reimburse the costs paid to third parties. Further, Rosewell asserts that if the legislature had intended him to repay those fees, it would have provided a source of funds to be used to refund the fees to third parties. In addition, Rosewell contends that this section of the Revenue Act should be read *in pari materia* with section 253 of the Revenue Act. Hence, he argues that inasmuch as section 253, which concerns the time and conditions of redemption, details the costs that one must pay in order to redeem, including the fees to third parties, the omission of a specific list from the section concerning sales in error demonstrates a legislative intent to exclude such costs. Accordingly, Rosewell asks this court to reverse the trial court's decision requiring him to give tax buyers a refund of the costs that they paid to third parties.

Appellee Phoenix, the only appellee to file a brief on appeal, contends that the Revenue Act clearly and unambiguously provides that all costs are to be refunded, including the costs of redemption set out in section 253 of the Revenue Act. In addition, Phoenix claims that whether its costs were paid to a third party rather than Rosewell is irrelevant under the statute. Phoenix notes that it was Rosewell's erroneous conduct which caused it to incur the disputed costs. Thus, Phoenix asks this court to affirm the trial court's order.

The disputed provision here was added as an amendment effective January 1, 1986, and, as yet, has not been construed by an appellate court. This section provides that when a sale is declared a sale in error:

"§260. \*\*\* [T]he county collector shall, on demand of the owner of the certificate of such sale, refund the amount paid and, in counties having more than 1,000,000 inhabitants \*\*\*, all other taxes and costs paid by the owner of the certificate of sale or his assignor which were posted to the tax judgment, sale, redemption and forfeiture record subsequent to the tax sale and which were added to the certificate of sale, together with 1½% interest per month from the date of sale to the date of payment to the tax purchaser \*\*\*." Ill. Rev. Stat. 1987, ch. 120, par. 741.

■ A court of equity has jurisdiction to correct the mistakes of a county ministerial officer (*Thornton, Ltd. v. Rosewell* (1978), 72 Ill. 2d 399, 407, 381 N.E.2d 249, 253; *West Suburban Hospital Medical Center v. Hynes* (1988), 173 Ill. App. 3d 847, 854, 527 N.E.2d 1086, 1091), and in order to do equity, a court may award a refund (*Thornton*, 72 Ill. 2d at 407, 381 N.E.2d at 253). Additionally, equity courts often go further in providing relief to support a public interest than when only private interests are involved. (*Thornton*, 72 Ill. 2d at 407, 381 N.E.2d at 253; *West Suburban Hospital Medical Center*, 173 Ill. App. 3d at 854, 527 N.E.2d at 1091.) The courts have recognized that it is in the public interest to protect the rights of those who have purchased real estate sold for delinquent and forfeited taxes. *Thornton*, 72 Ill. 2d at 407, 381 N.E.2d at 253.

■ Recognizing public policy favoring tax buyers, we hold that Rosewell is required to refund all costs paid by appellees, including the costs paid to third parties. We believe that it is in the public interest to give a complete refund to a tax buyer in a sale in error. Also, we note that Rosewell presently does in fact refund certain costs to tax buyers, such as fees paid to an indemnity fund and fees paid to the county clerk for a tax search, which were not paid directly to him. Therefore, the trial court did not err in ordering Rosewell to refund the costs paid by appellees to third parties.

Rosewell next argues in this appeal that he is not required to refund appellees' payments to third parties because those costs were not added to the certificates of sale in each of these four cases. Rosewell contends that even if the trial court properly held that under the Revenue Act appellees are entitled to a refund of monies paid to third parties, those costs must have been both posted to the tax judgment, sale, redemption and forfeiture record and added to the certificate of sale before the appellee can receive the refund. (See Ill. Rev. Stat. 1987, ch. 120, par. 741.) In this case, since appellees' costs were not added to their certificates of sale, Rosewell argues that the circuit

court erroneously ordered him to refund those costs.

Phoenix, however, contends that section 260 does not limit a party's refund to only those costs which are posted to the tax judgment, sale, redemption and forfeiture record and also added to the certificate of sale. Phoenix argues that a certificate of sale is a memorandum of presale and sale costs and, thus, by its very nature does not include post-sale costs which are simply listed on the judgment record. Inasmuch as the costs paid to third parties here were post-sale costs, Phoenix maintains that the trial court did not err in granting appellees a refund of their payments to third parties.

■■ We do not read section 260 as narrowly as Rosewell apparently does, but we instead agree with the appellee, Phoenix, that a "refund" under the statute includes costs added to the certificate of sale, as well as costs posted to the judgment record but not added to the certificate of sale. The disputed costs here were all incurred after the certificate of sale had been issued and, historically, such costs have never been added to the certificate, which, as noted by Phoenix, merely serves as a memorandum of presale and sale costs. The fact that the costs are added to the judgment book is sufficient proof that the costs have in fact been paid. Further, we note that Rosewell refunds, without protest, those taxes which are paid after the certificate of sale has issued and, therefore, are also only posted to the judgment record. Since Rosewell refunds those taxes which are paid but not added to the certificate of sale, we see no reason why he should not also refund those costs paid to the third parties which are not added to the certificate of sale, for as we have held above, a tax buyer is entitled to a refund of all costs he was erroneously required to pay. Consequently, we hold that appellees are entitled to a refund of all their costs here, even those costs posted to the judgment book but not added to the certificate of sale.

Accordingly, for all of the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN, P.J., and LaPORTA, J., concur.